#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY LEE TILLMAN, JR., : | |
|    *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-2597 |
| : | |
| PAUL MALLIS, : | |
|    *Defendant*. : | |

### MEMORANDUM

**Pappert, J.**                                                                                      JULY 21, 2025

Incarcerated *pro se* plaintiff Bobby Lee Tillman commenced this civil action by filing a complaint against Paul Mallis, seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (ECF No. 1.) For the following reasons, the Court dismisses the Complaint for failure to state a claim.

I[1]

Tillman was arrested on criminal charges on May 29, 2024, and tried in the Montgomery County Court of Common Pleas in May 2025. *See Commonwealth v. Tillman*, CP-46-CR-0004821-2024 (C.P. Montgomery). A jury found Tillman guilty of some charges and not guilty of others, and he now awaits sentencing on August 4, 2025, on the offenses of which he was convicted. (*Id.*) Mallis is his lawyer in that case. (*Id.*)

Tillman filed this lawsuit against Mallis in May 2025. (Compl. at 2.) Tillman claims that, between May 30, 2024, and April 22, 2025, he was denied "the right to have proper representation to prove [his] innocence," and that his attorney "is conspiring

---

[1] The factual allegations are taken from the Complaint (ECF No. 1) and public dockets, which may be considered by the Court in determining whether Tillman has stated a viable claim. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

with the prosecutor to insure [that he is] convicted and not given a fair trial." (*Id*. at 5.) He appears to contend that his lawyer was operating "[i]n the capacity of an attorney for the State of Pa." and that the assistant district attorney was working "[i]n the capacity as a prosecutor for the State of Pa., County of Mont[gomery]." Tillman alleges violations of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. (*Id*. at 4.) As a result, he has allegedly suffered "mental anguish and emotional distress" and asks the Court to ensure he receives "a fair, unbiased hearing" and appointment of new counsel. (*Id*. at 5.)

II

Although Tillman paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Tillman is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

Tillman sues pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Tillman premises his constitutional claims on a vague accusation that his attorney "conspired" with the state prosecutor to ensure his conviction. However, these claims are not only factually threadbare but fatally flawed because they are asserted against a party who is not a state actor. *Groman v. Twp. of Manalapan*, 47 F.3d 628,

638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims). An attorney performing the traditional functions of counsel—whether privately retained, court-appointed, or a public defender—is not a state actor for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel'") (citation omitted). That is because "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App' x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

Although "[a] private party 'who corruptly conspire[s]' with a state official will be considered a state actor under § 1983," *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (*per curiam*) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010)), the mere mention of "conspiracy" is not sufficient to plead one. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A conspiracy cannot be found from

4

allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Tillman alleges no facts to support conclusory assertion that his lawyer and the prosecution conspired to ensure he was found guilty. In fact, the public dockets show Tillman was tried by a jury and acquitted on some charges. *Tillman*, CP-46-CR-0004821-2024. Given the inadequate support for Tillman's assertion of a conspiracy, his attorney cannot be considered a state actor on that basis, and the Court will dismiss all claims against Mallis pursuant to 28 U.S.C. § 1915A(b)(1).[2] *See e.g.*, *Pittman v. Martin*, 569 F. App'x 89, 91-92 (3d Cir. 2014) (*per curiam*) (explaining that "conclusory allegations of conspiracy" were insufficient to justify treating public defenders as state actors).

IV

For the reasons stated, the Court will dismiss Tillman's Complaint. However, nothing in this Memorandum should be construed to prevent Tillman from raising his constitutional arguments in his state criminal case, which is the proper forum for Tillman to challenge the validity of the criminal charges asserted against him and provide him an opportunity to present his constitutional defenses.[3] *See also Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*) ("The District Court's

---

[2] Moreover, Tillman's prayer for relief consists solely of an improper request for injunctive relief. (*See* Compl. at 5 (requesting that the Court "[g]rant [him] the right to have a fair, unbiased hearing and appointment [of] new counsel.")). The Court may not intervene in Tillman's ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

[3] The Court expresses no opinion on the merits of those arguments.

dismissal of his § 1983 complaint should not constitute a bar to any collateral attacks by Rushing against his state proceedings.").

An appropriate Order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**Gerald J. Pappert, J.**